

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00266-CR

———————————————

MAHER IBRAHIM HAIFA, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1449993D

Before Gabriel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Maher Ibrahim Haifa appeals from his conviction for indecency with a child and argues that amounts for restitution and probation fees are unsupported in the record and must be deleted from the trial court's judgment. Because neither reparations nor probation fees were included in the trial court's judgment or in the attached order to withdraw funds, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

Haifa pleaded guilty to indecency with a child by contact; the trial court deferred adjudicating Haifa's guilt and sentenced him to community supervision for seven years. The trial court ordered Haifa to pay a fine and court costs. As a condition of his sentence, Haifa was ordered to pay community-supervision fees. During the term of his community supervision, the State filed a petition to proceed to an adjudication, alleging that Haifa had violated several conditions.[1] Haifa pleaded true to one violation allegation but not true to the remainder. After a hearing, the trial court found each allegation to be true, revoked Haifa's community supervision, adjudged him guilty of the underlying offense, and sentenced him to eight years' confinement.

The resulting judgment reflects "N/A" for the fine and for restitution. The trial court made no reparations finding in the judgment. Court costs of $664 were

---

[1]The State did not allege that Haifa had failed to pay ordered fees.

charged against Haifa in the judgment, and this amount is reflected in the attached order to withdraw funds from Haifa's inmate trust account. In two issues, Haifa argues that reparations and probation fees could not be charged against him in the judgment or included in the attached order to withdraw funds. He relies on a Revocation Restitution/Reparation Balance Sheet prepared by Tarrant County's Community Supervision and Corrections Department, reflecting that Haifa owed $335 in reparations, which consisted of $155 "DUE TO CSCD" and $180 for "PROBATION FEES." He also points to the district clerk's list of fee breakdowns, which shows that Haifa had "0.00" remaining for "Probation Fees" and "Due to CSCD." This conflict in the record, he argues, mandates that this court modify the judgment to delete the $335 and $180 amounts.

Reparations, which included a probation-fee amount, were not charged against Haifa in the revocation judgment nor were they included in the attached order to withdraw funds. The only amount included in the judgment and attached withdrawal order was $664 in court costs. The district clerk prepared a "COURT COSTS BREAKDOWN," itemizing each cost from which the $664 total was derived. Haifa does not specifically challenge any of these court costs. Therefore, we overrule Haifa's issues and affirm the trial court's judgment. *See Anderson v. State*, No. 03-09-00630-CR, 2010 WL 2638465, at *2 (Tex. App.—Austin July 1, 2010, no pet.) (mem. op., not designated for publication); *cf. Mayberry v. State*, No. 04-18-00463-CR, 2019 WL 1547444, at *1–2 (Tex. App.—San Antonio Apr. 10, 2019, no pet.) (mem. op.,

3

not designated for publication) (modifying judgment to remove fine and restitution amounts that had been included as part of court-costs amount because judgment provided "N/A" for fine and restitution).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2020